IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM F. BYRNE, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CLEVELAND CLINIC, and | : | NO. 09-889 |
| THE CHESTER COUNTY HOSPITAL, | : | |
|     Defendants. | : | |

## MEMORANDUM

GENE E.K. PRATTER, J.                                                                                              March 17, 2011

William F. Byrne, who appears *pro se*, filed this federal Emergency Medical Treatment and Active Labor Act ("EMTALA") action against The Cleveland Clinic and Chester County Hospital (the "Hospital"). After the Court granted in part and denied in part the Defendants' motions to dismiss, Mr. Byrne has one surviving claim, an EMTALA medical screening claim. *See* Feb. 5, 2010 Mem. (Docket No. 31); Feb. 8, 2010 Am. Order (Docket No. 33). The litigation has been peppered with discovery disputes, some of which the Court persuaded the parties to resolve amicably and some of which the Court resolved by ruling.

Mr. Byrne now presents a motion for reconsideration (Docket Nos. 84 and 85) of the Court's November 30, 2010 decision to deny his motion to compel additional discovery.[1] *See* Nov. 30, 2010 Mem. and Order (Docket Nos. 82 and 83). In that decision, the Court denied Mr. Byrne's motion pursuant to Federal Rule of Civil Procedure 37(b), because the Hospital had

---

[1] Because Mr. Byrne appears *pro se*, the Court continues to construe his pleadings liberally. *See* Feb. 5, 2010 Mem. (Docket No. 31); *see also Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Upon close consideration of Mr. Byrne's filings, the Court determines that both Mr. Byrne's "Request for reconsideration of Judges Order of 11/30/10" (Docket No. 84), and "Motion/Request for Clarity of EMTALA Issues USDCEDPA," (Docket No. 85), which were both filed on the same day and concern the same subject matter, are properly considered as a single motion for reconsideration.

complied with the Court's September 30, 2010 Order (Docket No. 66), which required the Hospital to produce patient records for all patients "presenting to the Hospital's emergency room from January 15, 2007 through February 15, 2007 with symptoms of chest pain." In his present motion for reconsideration, Mr. Byrne asks the Court to order the Hospital to produce patient records, as well as "screening, stabilization, and insurance information," for patients who presented to the Hospital's emergency room with chest pains *and* were ultimately diagnosed with a heart attack. In the alternative, he requests leave to amend his complaint to include a stabilization claim under EMTALA. For the reasons discussed below, Mr. Byrne's motion for reconsideration and/or for leave to amend his complaint is denied.

## LEGAL STANDARD

Federal courts have a strong interest in the finality of judgments; accordingly, they should grant motions for reconsideration only sparingly. *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa.1995). Furthermore, reconsideration is not permitted simply to allow a "second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir.1995). In other words, motions for reconsideration may not be used to reargue matters that have already been raised by the parties and that the Court has already considered and decided. *Calhoun v. Mann*, Civil Action No. 08-0458, 2009 WL 159276, at *1 (E.D. Pa. Jan. 22, 2009); *Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527 (D. Del. 2005). Indeed, the standard for reconsideration does not allow the Court to reevaluate its previous decision *de novo*, but rather the court should grant a motion for reconsideration only in the rare cases when: (1) there is newly available evidence that previously was not available when the Court issued its decision; (2) there is an intervening change in the controlling law; or (3) there is a need to correct

a clear error of law or prevent manifest injustice. *Vurimindi v. Fuqua Sch. of Bus.*, Civil Action No. 10-234, 2010 WL 3620200, at *1 (E.D. Pa. Sept. 13, 2010) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

**DISCUSSION**

Mr. Byrne has not identified any newly-available evidence or changes in law. Therefore, the Court regards his motion as one claiming that the Court's discovery ruling operates as a manifest injustice. Indeed, Mr. Byrne states in his motion, "I am being denied [certain patient records] unfairly." Pl.'s Mot. at Docket No. 84, at 1. Where the basis of the motion for reconsideration is to correct a manifest injustice, the moving party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 720-21 (3d Cir.1998). Considering the general nature of this case as well as the specific discovery-related issues, the Court concludes that no such injustice is present here, Mr. Byrne's personal umbrage notwithstanding.

Mr. Byrne's motion for reconsideration is a classic attempt at a "second bite at the apple." Mr. Byrne asks the Court to compel the Hospital to produce records for patients ultimately diagnosed with heart attacks, documents which Mr. Byrne has previously requested in just the same phrasing, and which the Court has, after serious consideration, denied. *See* Sept. 27, 2010 Hr'g Tr. (Docket No. 69); Nov. 30, 2010 Mem. and Order (Docket Nos. 82 and 83). While in this present motion Mr. Byrne requests additional or alternative relief—specifically, the production of "stabilization" and patient insurance information, or leave to amend his Amended

3

Complaint to plead a stabilization claim—the animating discovery issue remains the same.[2]

Thus, Mr. Byrne's motion for reconsideration is merely seeking to relitigate a previously-decided issue concerning discovery of certain patient records.

The Court is constrained to repeat that, fundamentally, Mr. Byrne appears to misunderstand the law that both supports and limits his EMTALA medical screening claim and the relationship between his claim and the discovery process. Mr. Byrne has asked the Court, "What is the problem with giving me these records?" Pl.'s Mot. at Docket No. 84, at 1. The answer is that, as the Court has previously decided and explained to Mr. Byrne, the scope and reach of his screening claim does not support requiring the Hospital to provide to him the

---

[2] The Court separately notes that by requesting to amend his complaint to include an EMTALA stabilization claim, Mr. Byrne appears to be attempting to renew a stabilization claim against Defendants. Mr. Byrne initially attempted to pursue a stabilization claim against the Defendants in his Amended Complaint (Docket No. 4). *See also* Pl.'s "Further Reply Response" (Docket No. 23). However, the stabilization claim no longer exists as a part of this case; the Court dismissed that claim in a February 5, 2010 decision when the Court granted in part the Defendants' motions to dismiss. *See* Feb. 5, 2010 Mem. (Docket No. 31); Feb. 8, 2010 Am. Order (Docket No. 33). In that decision, the Court determined that Mr. Byrne could not allege in his Amended Complaint facts sufficient to support a stabilization claim. Specifically, Mr. Byrne's allegations did "not reflect that he was transferred or discharged from the hospital prior to receiving a 'catheterization procedure' and being stabilized." Feb. 5, 2010 Mem. at 18 (Docket No. 31). Without the event of transfer or discharge occurring, there is no basis for a stabilization claim, and thus the Court determined that dismissal of that claim was warranted. *Id.* at 17-18. Because the Court dismissed the EMTALA stabilization claim, Mr. Byrne can not pursue this legal theory against the Defendants. It follows that he cannot hang his discovery demands on such a precluded claim.

Additionally, to the extent Mr. Byrne's request to amend his Amended Complaint to include a stabilization claim is really a motion to reconsider the Court's February 5, 2010 decision to dismiss Mr. Byrne's stabilization claim, the motion is denied as untimely. Under Local Rule of Civil Procedure 7.1(g) a motion for reconsideration must be filed fourteen days from the filing of the order concerned. Because Mr. Byrne's present motion was filed on December 6, 2010, and ten months passed since the permitted fourteen-day filing period, a motion to reconsider the February 5, 2010 decision is untimely. *See Innovative Office Products, Inc. v. Spaceco, Inc.*, Civil Action No. 05-4037, 2008 WL 4489842, at *3 (E.D. Pa. Oct. 6, 2008).

particular patient records he seeks under the rules of discovery. *See* Sept. 27, 2010 Hr'g Tr. (Docket No. 69); Nov. 30, 2010 Mem. and Order (Docket Nos. 82 and 83).

The Rules of Civil Procedure, which govern the discovery process in this case, dictate certain limitations on the scope of discovery any litigant may pursue to support a claim or defense. For example, the Court may only, for good cause, order discovery relevant to the subject matter involved in the action, and must consider if the burden or expense of discovery outweighs its potential benefit in light of the specific circumstances of the case. *See* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); Fed. R. Civ. P. 26(c),(c)(iii) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."); *Wyeth v. Orgenus Pharma Inc.*, Civil Action No. 09-3235, 2010 WL 4117157, at *4 (D.N.J. Oct. 19, 2010) (recognizing that "courts will refuse to compel discovery if the information being sought is . . . irrelevant to the claim . . . ." (citing Fed. R. Civ. P. 26(b)(1))).

As the Court previously explained in the Memorandum accompanying its Order denying Mr. Byrne's motion to compel, an "EMTALA screening claim is contingent on whether appropriate screening procedures were provided; it is *not* contingent on the outcome of screening, such as the resulting diagnosis (whether correct or incorrect) or subsequent treatment provided (whether adequate or inadequate)." Nov. 30, 2010 Mem. at 3 (Docket No. 82) (citations omitted). Thus, "given the nature of [Mr. Byrne's] pending claim, the discovery relevant to that

5

claim concerns the records of patients who presented at the Hospital's emergency room with symptoms of chest pain and the screening procedures the Hospital undertook to diagnose the chest pain." *Id.* (citations omitted). Indeed, because the Hospital complied with the Court's September 30, 2010 Order, Mr. Byrne received 136 patient records from the Hospital that are arguably relevant to his screening claim. *Id.* at 4. Those records are presumably relevant, because they are records for patients who presented to the same emergency room, where Mr. Byrne was seen, with chest pains (of which Mr. Byrne complained when he arrived) and reflect the screening procedures the Hospital undertook to diagnose those patients' chest pains (to compare with the procedures used—or not used—with Mr. Byrne). By contrast, Mr. Byrne's discovery request focuses on patients who were ultimately diagnosed with heart attacks. His requested discovery is based upon *diagnosis*, and although diagnosis is the end-result of the Hospital's screening procedures, it is not relevant in determining the propriety of screening procedures provided under an EMTALA screening claim as articulated (or as arguably articulated by Mr. Byrne).

## **CONCLUSION**

Accordingly, for the reasons set forth above, the Court denies Mr. Byrne's motion to reconsider the Court's prior denial of Mr. Byrne's motion to compel discovery and/or for leave to amend his complaint. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge